IN THE DISTRICT COURT OF CADDO COUNTY
STATE OF OKLAHOMA

State of Oklahoma
Caddo Co.
**FILED**

**FEB 2 7 2015**

At_____O'Clock_____M.
PATTI BARGER, Court Clerk
By_____Deputy

BILLY STEPHENSON and CHERYL )
STEPHENSON, husband and wife, and )
PHILLIP COMPTON and LYNDA )
COMPTON, husband and wife, for )
Themselves and All Others Similarly Situated, )
)
)
Plaintiffs, )
)        Case No. ___C J - 2015-21___
v. )
)
EAST BINGER (MARCHAND) UNIT, )
BINGER OPERATIONS, L.L.C., )
CONOCOPHILLIPS COMPANY, formerly )
known as Phillips Petroleum Company; and )
PHILLIPS 66 COMPANY, )
)
Defendants. )

### PETITION
### (CLASS ACTION)

Plaintiffs, Billy Stephenson and Cheryl Stephenson, husband and wife, and Phillip

Compton and Lynda Compton, husband and wife (collectively referred to as "**Plaintiffs**"), for

themselves and for all others similarly situated (Plaintiffs and the putative class members are

collectively referred to as the "**Plaintiff Class**"), for their Petition against Defendants allege and

state as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs are citizens of the State of Oklahoma residing in Caddo County,

Oklahoma.

2.      Defendant East Binger (Marchand) Unit (the "**Unit**") was created by the

Oklahoma Corporation Commission (the "**Commission**") pursuant to Okla. Stat. tit. 52, § 287.1

*et seq.*, for the purpose of the unitized management, operation and further development of the

EXHIBIT
1

Unitized Formation as defined in the Plan of Unitization for the Unit, as amended (the "**Plan**" or "**Plan of Unitization**"). The Unit is a proper party to this action. Okla. Stat. tit. 52, § 287.8.

3.      Defendant, Binger Operations, L.L.C. ("**Binger Operations**") is an Oklahoma limited liability company with its principal place of business in Oklahoma. Binger Operations has conducted and continues to conduct business in the State of Oklahoma as operator of the Unit pursuant to the Plan.

4.      Defendant, ConocoPhillips Company, formerly known as and successor in interest to Phillips Petroleum Company, is currently doing business in the State of Oklahoma and at times relevant hereto was operator of the Unit pursuant to the Plan. Defendant, Phillips 66 Company is currently doing business in the State of Oklahoma and, upon information and belief, has succeeded to certain interests and/or liabilities of ConocoPhillips Company and/or Phillips Petroleum Company relevant hereto.

5.      Plaintiffs own an interest in the oil, gas and other minerals in the Unitized Formation underlying the Unit.

6.      Plaintiffs and the other members of the Plaintiff Class are Royalty Owners in the Unit as the term "Royalty Owner" is defined in the Plan.

7.      The aggregate amount sought as damages in this case is in excess of $75,000.00, exclusive of interest and costs.

8.      This Court has jurisdiction over Defendants and the subject matter of this suit. Venue is proper in this Court.

## CLASS ACTION ALLEGATIONS

The allegations in paragraphs 1-8 are incorporated by reference.

9.      Plaintiffs bring this action for themselves and as representatives of a class pursuant to Okla. Stat. tit. 12, § 2023 for all similarly situated Royalty Owners in the Unit, who meet the following qualifications:

> All persons or entities who own, or have owned, a Royalty Interest (as that term is defined in the Plan) in the Unit, from the Effective Date of the Plan to the present, together with their heirs, legatees, beneficiaries, executors, representatives, successors, and assigns;

provided that the following persons or entities who meet the qualifications set forth above shall be excluded:

> a.      the United States of America and its agencies, departments or instrumentalities, including the Bureau of Indian Affairs;
>
> b.      the State of Oklahoma, including the Commissioners of the Land Office;
>
> c.      the officers, directors, parents, subsidiaries and affiliates of Defendants;
>
> d.      overriding royalty interest owners or other owners who derive their interest through an oil and gas lessee are excluded to the extent of their overriding royalty interest;
>
> e.      persons or entities that Plaintiffs' counsel are prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct;
>
> f.      publicly traded oil and gas exploration companies and their affiliates; and
>
> g.      the legal representatives, heirs, successors, or assigns of any excluded person or entity.

10.     The members of the Plaintiff Class are so numerous that joinder of all members is impracticable. It is believed that the members of the Plaintiff Class are in the hundreds.  Upon information and belief, at least two-thirds (2/3) of the members of the Plaintiff Class are Oklahoma residents.

11.     This action is governed by Oklahoma law.

12.    The questions of law and fact relevant to the issues in this matter are common to the Plaintiff Class.

13.    The claims of the Plaintiffs are typical of the claims of the Plaintiff Class.

14.    Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class because their interests do not conflict with the interests of the Plaintiff Class and because they are represented by counsel who are competent, skilled and experienced in class action and oil and gas litigation.

15.    Questions of law and fact common to the members of the Plaintiff Class predominate over any questions affecting only individual members of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. A class action is superior because:

  a.    The questions of law and fact are so uniform across the Plaintiff Class that there is no reason why individual class members would want to control the prosecution of their own actions, at their own expense;

  b.    The interests of all parties and the judiciary in resolving these matters in one forum without the need of a multiplicity of actions is great;

  c.    The difficulties in managing this class action will be slight in relation to the potential benefits to be achieved on behalf of each and every class member, and not just those who can afford to bring their own actions; and

  d.    Defendants have fraudulently concealed the actions and omissions which give rise to the class members' causes of action. Many, if not all, of the class members may never discover Defendants' wrongful acts. Thus, in the absence of a class action, Defendants, through such concealment, may be unjustly enriched by millions of dollars to the detriment of the unknowing class members.

16.    Plaintiffs know of no difficulty which should be encountered in the management of this litigation which would preclude its maintenance as a class action.

17.    For the reasons stated, a class action is superior to other available methods for the fair and efficient adjudication of this dispute.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

The allegations in paragraphs 1-17 above are incorporated by reference.

18.    On May 16, 1977, pursuant to Okla. Stat. tit. 52, § 287.1 *et seq.*, Phillips Petroleum Company ("**Phillips**"), filed its Application with the Commission in Case CD No. 48850 for an Order creating the Unit for the unitized management, operating, and further development of the Unitized Formation as defined in the Plan.

19.    On July 25, 1977, the Commission issued its Order No. 132817 in Cause CD No. 48850 creating the Unit, and approving the Plan.

20.    The Plan became effective on July 25, 1977.

21.    Paragraph 5.3 of the Plan of Unitization states, in pertinent part, as follows:

A one-eighth (1/8) part of the Unitized Substances allocated to each Tract shall in all events be regarded as royalty to be distributed to and among, or the proceeds thereof paid to, the Owners of Royalty Interest, free and clear of all Unit Expense and free of any lien therefor.

Paragraph 1.4 of the Plan of Unitization provides as follows:

"Unitized Substances (unit production) means all indigenous Oil and Gas within or produced from the Unitized Formation."

22.    To convince the royalty owners of the efficacy of unitization, Phillips sent a letter, dated March 3, 1977 (the "**Phillips Letter**"), to each royalty owner stating in pertinent part: "What will the miscible injection program cost the royalty owner? Nothing! The operators will bear the entire cost." However, Defendants have improperly charged or deducted Unit Expenses from the royalty share of sales of Unitized Substances.

23.     Defendants knew the Phillips Letter was false and intended that the Plaintiff Class rely upon the misrepresentations made in the Phillips Letter. Consequently, the misrepresentations in the Phillips Letter were made intentionally or, at a minimum, with reckless disregard for the truth.

24.     The Plaintiff Class did rely upon the information in the Phillips Letter as being correct and were damaged by relying on the misrepresentations in the Phillips Letter.

25.     As part of the Unit operations, nitrogen is injected in order to increase pressure and enhance recovery. The produced natural gas must be processed to remove the nitrogen before it can be sold.

26.     Beginning in 1985, nitrogen management facilities were used to process the Unit's produced natural gas, yielding residue gas and natural gas liquids for sale by the Unit, and high-pressure nitrogen for use by the Unit.

27.     Defendants wrongfully reduced the volumes of actual production and deducted from royalties other fees, costs, and expenses, which constituted Unit Expenses, incurred in connection with the production of Unitized Substances from the Unit. All such fees, costs, and expenses were charged or deducted, directly or indirectly, from the gross value of the Unitized Substances owed to the Plaintiff Class.

28.     The relationship between the Plaintiff Class and Defendants is one in which the Plaintiff Class has reasonably placed trust and confidence in Defendants.

29.     Defendants have superior access to information relating to the claims herein.

30.     Defendants have superior bargaining power *vis-à-vis* the Plaintiff Class.

31.     Defendants are in a fiduciary relationship with the Plaintiff Class.

32.     As a fiduciary, Defendants are:

6

a.    held accountable to the Plaintiff Class;

b.    held to a high degree of good faith in their dealings; and

c.    not permitted to make use of the fiduciary relationship to realize unauthorized benefits or profits furthering their own personal interest at the expense of the Plaintiff Class.

33.    Defendants used their position as fiduciaries to secretly and wrongfully retain monies rightfully belonging to the Plaintiff Class.

34.    In violation of their fiduciary duties, Defendants failed to pay the Plaintiff Class royalties on the full value of oil, gas, and other hydrocarbons produced from the Unit by improperly charging or deducting Unit Expenses from the royalty payments owed to the Plaintiff Class, and by otherwise not paying royalty on the true value of the oil, gas and other hydrocarbons produced from the Unit.

35.    Defendants fraudulently misrepresented and misled the Plaintiff Class into believing they had been paid on the full volume and value of oil, gas and other hydrocarbons produced from the Unit by falsifying and creating misleading check stubs related to the payment of royalties.

36.    Defendants knew the check stubs were false and intended that the Plaintiff Class rely upon the misrepresentations made on the check stubs. Defendants' misrepresentations were intentional, or were made with reckless disregard for the truth.

37.    Members of the Plaintiff Class did rely upon the information on the check stubs as being correct and were damaged by relying on Defendants' misrepresentations.

38.    Defendants' fraud, deceit, breach of fiduciary duty and other wrongdoing served to financially benefit Defendants at the expense, and to the detriment, of the Plaintiff Class by

reducing the value the Plaintiff Class received for oil and gas royalty on production from the Unit.

39.      Defendants fraudulently concealed their actions resulting in the inability of the Plaintiff Class to discover their claims against Defendants. Defendants are not entitled to any statute of limitations defense.

## BREACH OF FIDUCIARY DUTIES

The allegations in paragraphs 1-39 above are incorporated by reference.

40.      Defendants are in a fiduciary relationship with the Plaintiff Class.

41.      Defendants have breached their fiduciary obligations and duties owed to the Plaintiff Class concerning the accounting, payment and distribution of royalties.

42.      Defendants' actions were intentional or grossly negligent.

43.      The Plaintiff Class has been damaged by Defendants' breaches of their fiduciary duties.

## VIOLATION OF PLAN OF UNITIZATION

The allegations in paragraphs 1-43 above are incorporated by reference.

44.      Defendants have failed to fulfill the obligations and duties owed to the Plaintiff Class to pay royalties in accordance with the Plan of Unitization, thereby damaging the Plaintiff Class.

## VIOLATION OF OKLA. STAT. TIT. 52, § 287.8

The allegations in paragraphs 1-44 above are incorporated by reference.

45.      Defendants have violated Okla. Stat. tit. 52, § 287.8, by failing to timely remit to the Plaintiff Class all or a portion of the royalty payments properly due to the Plaintiff Class, thereby damaging the Plaintiff Class.

**VIOLATION OF OKLAHOMA PRODUCTION REVENUE STANDARDS ACT**

The allegations in paragraphs 1-45 above are incorporated by reference.

46.     Defendants have violated the Oklahoma Production Revenue Standards Act, including Okla. Stat. tit. 52, § 570.10, by failing to timely remit to the Plaintiff Class all or a portion of the royalty payments properly due the Plaintiff Class.

47.     The Plaintiff class has sustained damages caused by Defendants' violation of the Oklahoma Production Revenue Standards Act.

**DECEIT AND FRAUD – ACTUAL AND CONSTRUCTIVE**

The allegations in paragraphs 1-47 above are incorporated by reference.

48.     The Plaintiff Class has the right to be informed and Defendants were obligated to disclose to the Plaintiff Class the manner in which royalty payments were calculated and the actual volume, sales price and value of the gas and other hydrocarbons upon which their royalty payments are made.

49.     Each month Defendants sent check details to the Plaintiff Class misrepresenting that royalties were being paid properly while knowing that royalties were not in fact being paid properly. Defendants also sent the Phillips Letter to members of the Plaintiff Class that misrepresented Defendants' method for calculating and paying royalties to the Plaintiff Class, specifically that the royalty payments would not be assessed any Unit Expenses.

50.     Defendants disclosed to the Plaintiff Class only a portion of the relevant, material facts regarding the manner in which royalty payments were calculated. Defendants concealed from the Plaintiff Class and suppressed relevant, material facts regarding the manner in which royalty payments were calculated.

51.     The partial information disclosed to the Plaintiff Class regarding how royalty payments were calculated was misleading.

52.     Defendants falsely represented to the Plaintiff Class that Defendants were paying royalties properly, as specifically set out in the foregoing allegations.

53.     Defendants' false representations were made with the intent that the Plaintiff Class rely upon them.

54.     The Plaintiff Class justifiably relied upon Defendants' false representations.

55.     Defendants' actions were intentional or grossly negligent and amount to fraud, deceit and constructive fraud.

56.     The Plaintiff Class has been damaged by Defendant's fraud, deceit and constructive fraud.

## CONSTRUCTIVE TRUST

The allegations in paragraphs 1-56 above are incorporated by reference.

57.     The Court should impose a constructive trust for the benefit of the Plaintiff Class upon all value received by Defendants and withheld from the Plaintiff Class together with any property in which such value was invested and all profits derived therefrom.

## UNJUST ENRICHMENT

The allegations in paragraphs 1-57 above are incorporated by reference.

58.     Defendants have been unjustly enriched as a result of their breaches of fiduciary duties, fraud, deceit, and other wrongful conduct described above. Defendants should not be allowed to retain any portions of their ill-gotten gains, or the proceeds from those ill-gotten gains. Defendants should be required to disgorge and pay to the Plaintiff Class all such ill-gotten

gains including, but not limited to, the gross proceeds received as a result of their wrongful actions.

## ACCOUNTING

The allegations in paragraphs 1-58 above are incorporated by reference.

59.    The nature of the transactions involved in this matter is such that, by reason of the complexity, the amount due to the Plaintiff Class cannot be ascertained without an accounting.

60.    The exact amount due to the Plaintiff Class is unknown to Plaintiffs and, consequently, Plaintiffs cannot state such amount in this Petition. The transactions were so numerous and complicated that the correct amount cannot be ascertained without an accounting.

61.    Due to the complicated character of the accounts, and the existence of a fiduciary relationship between the Plaintiff Class and Defendants, Defendants are obligated to account to the Plaintiff Class for all matters described in this Petition.

## PUNITIVE DAMAGES

The allegations in paragraphs 1-61 above are incorporated by reference.

62.    Defendants' tortious acts described herein were done intentionally, maliciously, and with complete disregard for the rights of the Plaintiff Class. Defendants should pay punitive damages as punishment and as an example to others of like mind.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following:

a.    An order for an accounting;

b.    An order requiring Defendants to disgorge to the Plaintiff Class all ill-gotten gains including, but not limited to, the gross proceeds received by Defendants as a result of its wrongful and deceptive actions;

c.    An order imposing a constructive trust for the benefit of the Plaintiff Class upon all value received by Defendants and withheld from the Plaintiff Class together

with any property in which such value was invested and all profits derived therefrom;

d.  Judgment against Defendants for money damages along with applicable pre-judgment and post-judgment interest under the theories described above;

e.  Punitive damages;

f.  Attorney's fees;

g.  Court costs, expert witness expenses, and litigation costs; and

h.  Such other legal and equitable relief the Court deems justified.

Respectfully submitted,

Pat O'Hara, OBA #14881
Patrick O'Hara, Jr., OBA #16708
W. Jason Hartwig, OBA # 22584
TISDAL & O'HARA
3847 S. Boulevard, Suite 300
Edmond, OK  73013
Telephone:    (405) 471-5226
Facsimile:    (405) 705-2573

-and-

Mart Tisdal, OBA #9032
TISDAL & O'HARA
P.O. Box 1387
814 Frisco Avenue
Clinton, OK  73601-1387
Telephone:    (580) 323-3964
Facsimile:    (580) 323-3674

**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**